UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-39-MMH-LLL-2

LEON TYRONE PENNINGTON, II  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

On August 1, 2022, Defendant Leon Tyrone Pennington, II, filed a counseled "Motion for Compassionate Release Due [to] Medical Condition or Request for Furlough" under 18 U.S.C. § 3582(c)(1)(A). (Doc. 210, "Motion.") Pennington alleges that he suffers from a serious kidney condition and a

possible malignancy, and that he has not received necessary medical treatment since surrendering to FMC Devens. He requests compassionate release or, alternatively, a medical furlough to undergo testing on the potential malignancy so he can remain on a kidney transplant list. The United States responded in opposition, asserting that Pennington has received prompt and appropriate medical attention and has yet to complete the form to be placed on a transplant list while at FMC Devens. (Doc. 213, Response.) The United States also asserted that "[a]ccording to FMC Devens, the Defendant has not exhausted administrative remedies." Id. at 5.

Because the parties made conflicting representations about exhaustion, the Court ordered the United States to file an affidavit or other appropriate document addressing that issue. (Doc. 215, Order.) The United States has done so, submitting a Sentry Administrative Remedy Generalized Retrieval form, which shows that Pennington has not submitted any administrative remedy requests. (Doc. 216, Supp. Response; Doc. 216-1, Sentry Record.) The United States adds that on August 15, 2022, it received correspondence "from BOP attorneys who confirmed with staff at Devens that they have no record showing that the Defendant transmitted any documents to Devens staff asking for compassionate release." Supp. Response ¶ 2. Defendant has not disputed the accuracy of the information provided by the United States.

Section 3582(c)(1)(A)'s exhaustion requirement, while not jurisdictional,

2

imposes a mandatory claim-processing rule that must be enforced when properly invoked and which is not subject to judge-made exceptions. United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021) (collecting cases); see also United States v. Alam, 960 F.3d 831, 833–36 (6th Cir. 2020). This requirement is generally mandatory "[d]espite the unique circumstances presented by the COVID-19 pandemic." United States v. Rodrigues, 847 F. App'x 609, 611 (11th Cir. 2021) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Desjardins-Racine, 817 F. App'x 219, 220–21 (6th Cir. 2020)). The exhaustion requirement also serves a useful function by allowing the BOP to "prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release." Alam, 960 F.3d at 835.

Accordingly, the Motion (Doc. 210) is **DENIED WITHOUT PREJUDICE**. Pennington may renew the Motion after he has exhausted all administrative rights to appeal a failure of the BOP to move for compassionate release on his behalf or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of August, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc 19

<u>Copies</u>:
Counsel and parties of record